IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BYRON F. DAVID, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-00721 (RDA/JFA) |
| ) | |
| SUMMIT COMMUNITY BANK, ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Appellant Byron F. David's ("Appellant") Motion for Rehearing ("Motion") (Dkt. 9) with respect to this Court's Memorandum Opinion ("Opinion") filed on May 4, 2021 (Dkt. 8). Considering Appellant's Motion and the corresponding arguments contained therein, this Court amends the Opinion to AFFIRM the Bankruptcy Court's findings raised on this appeal in their entirety, without need for remand and DENIES Appellant's Motion.

### I. BACKGROUND

#### A. Procedural Background

On July 10, 2018, Appellant filed a Chapter Seven bankruptcy petition with the Bankruptcy Court. Dkt. 5-13, 157. Thereafter, Appellee filed the five Claims against Appellant's bankruptcy estate—Claim Numbers 3-3, 4-3, 5-3, 6-3, and 7-3. *Id.* at 17-64. Appellant objected to each of those Claims. *Id.* at 81-98. On April 10, 2019, the Bankruptcy Court converted Appellant's Chapter Seven bankruptcy action to one under Chapter 11. *Id.* at 10.

Subsequently, Appellant filed a Motion of Summary Judgment with the Bankruptcy Court, which Appellee opposed, and the Bankruptcy Court denied. Dkt. Nos. 5-1, 87-120; 5-5, 52-78; 5-12, 110-11. After denying Appellant's Motion for Summary Judgment, on October 9, 2019, the

Bankruptcy Court held an Evidentiary Hearing on Appellant's Objections to Appellee's Claims. Dkt. Nos. 5-12 at 163-189; 5-13 at 1-154. Following the parties' briefings, on May 4, 2021, this Court issued its Opinion affirming in part, reversing in part and remanding in part the issues presented in this appeal from the decision of the Bankruptcy Court. Dkt. 8. On May 18, 2021, Appellant timely filed a Motion for Rehearing pursuant to Federal Rule of Bankruptcy Procedure 8022 ("Rule 8022"). Dkt. 9. This Court did not request a response brief from Appellee and therefore no response was filed pursuant to Rule 8022(3).

B. Factual Background

At the Evidentiary Hearing, it was established that on July 6, 1991, Appellant married Lisa David ("Ms. David"). Dkt. 5-13, 7. On August 29, 2012, Ms. David took her life following a conversation that she and Appellant had regarding finances. *Id*. at 8-11.

From 2004 to 2012, Appellant partially owned Blue Ridge Technical Services, Incorporated ("BRTS"), which provided "consulting network services." *Id*. at 6-7. And from 2005 until her death in 2012, Ms. David also worked for BRTS. *Id*. at 8. There, she "wrote [BRTS's] . . . tax returns," handled "expense checks[,]" and "help[ed] [ ] review contracts . . . [and] benefits." *Id*. In addition to those responsibilities, Ms. David was involved in three real estate ventures (the "David Entities"), in which Appellant seemed to have had no involvement. *Id*. at 15-17.

Over a period of time, Appellee issued five loans to the David Entities, which formed the basis of the dispute before the Bankruptcy Court. The chart below sets forth the loans that Appellee issued to the David Entities and to which Appellee filed Claims during the pendency of the bankruptcy proceedings. Dkt. 5-1 at 17-64.

2

| Loan Number | Date of Loan Agreement | Entity to which Loan was Issued | Principle Loan Amount | Related Claim Number |
|---|---|---|---|---|
| 359186 | September 15, 2005 | David-Cantrall and Associates, Inc. | $2,160,000.00 | Claim 3-3 |
| 358003 | June 27, 2005 | David-Cantrall and Associates, Inc. | $300,000.00 | Claim 4-3 |
| 358367 | July 15, 2005 | DCF I, LLC | $660,000.00 | Claim 5-3 |
| 360540 | January 5, 2006 | David-Cantrall and Associates, Inc. | $300,000.00 | Claim 6-3 |
| 362232 | April 28, 2006 | Luck Homes, LLC | $199,750.00 | Claim 7-3 |

According to Appellant, he did not know about the loans until after Ms. David died. Dkt. 5-13 at 17-18. However, Appellee maintained that Appellant was listed as the guarantor for each of the loans, as reflected by a series of notary-acknowledged Guarantees and Allonges.[1] *See e.g.*, *id*. at 134-35. During the Evidentiary Hearing, Appellant called Victoria Melby ("Ms. Melby")[2] and Kerry Self ("Ms. Self"), who Appellee contended were two of the notaries that acknowledged the documents supporting its Claims. *Id*. at 132-34. Ms. Self and Ms. Melby testified that they did not recall those specific documents or remember seeing Appellant sign those documents on the particular days in question. In light of Ms. Self's and Ms. Melby's testimony, Appellant maintained that he did not sign the Guarantees and Allonges that supported Appellee's Claims and contended that Ms. David forged his signature on the Allonges and Guarantees without his knowledge. *Id*. at 144.

---

[1] The Allonges and Guarantees in this case appear to have been an agreement that certain terms of the loans that are at issue would be modified.

[2] In some instances in the record, Ms. Melby is referred to as "Victoria DeMeza," as "DeMeza" was her maiden name. For consistency, throughout this Opinion, this Court will refer to her as Ms. Melby.

3

In further support of his theory, Appellant also called Ellen G. LoCascio ("Ms. LoCascio"), a retired Central Intelligence Agency ("CIA") officer and longtime family friend of Appellant and Ms. David.  Dkt. 5-12 at 212.  Ms. LoCascio testified that she went to Appellant's home on August 29, 2012, after she learned that Ms. David had died.  *Id*. at 213-14.  Ms. LoCascio further explained that after learning that Ms. David had taken her life, she "started going through [ ] [Ms. David's] professional and personal things" in an effort to determine why she had done so.  *Id*. at 214.  Upon doing so, she observed "hundreds of documents" that were "shredded" in Ms. David's home office.  *Id*. at 215.  Many of the documents, Ms. LoCascio claimed, were "altered and manipulated" and in Ms. LoCascio's opinion, it appeared that someone had "cut and paste" certain documents.  *Id*.  Among other items, Ms. LoCascio recalled seeing papers that concerned "six or seven property loans," and certain BRTS "technical documents" that had been altered.  *Id*.  Appellant argued that LoCascio's testimony supported a finding of fraud.  Dkt. 5-13 at 146.

At the conclusion of the Evidentiary Hearing, the Bankruptcy Court took the matter under advisement, *id*. at 150, and on January 27, 2020, issued a Memorandum Opinion and Order ("Opinion") concerning Appellant's Objections to Appellee's Claims.  *Id*. at 156-170.  Therein, the Bankruptcy Court overruled Appellant's Objection to Claim Number 4-3 and sustained his Objections to Claim Numbers 3-3, 5-3, 6-3, and 7-3.  *Id*. at 170.

Appellant moved to alter or amend the Bankruptcy Court's determinations twice.  *See id*. at 171-89.  After those two motions had been briefed, and the Bankruptcy Court conducted a hearing on the Second Motion to Amend, the Bankruptcy Court denied the motions and Appellant then appealed the Bankruptcy Court's determination as to Claim Number 4-3.  Dkt. 5-3 at 171-272.

## II.  STANDARD OF REVIEW

A motion for rehearing under Bankruptcy Rule 8022 must state with particularity each point of law or fact that the movant believes the district court has overlooked or misapprehended. Fed. R. Bank. P. 8022(a)(2).[3] Although the Rule does not specify a standard of review, the Court employs the same standard as for a motion to alter or amend the judgment brought pursuant to Federal Rule of Civil Procedure 59(e).  *See Maines v. Wilmington Sav. Fund Soc'y*, No. 3:15-cv-00056, 2016 WL 6462141, at *1-2 (W.D. Va. Oct. 31, 2016) ("Petitions for rehearing function to ensure that the court properly considered all relevant information in reaching its decision; they should not be used to simply reargue the plaintiff's case or assert new grounds." (internal quotation marks and citations omitted)); *Gillis v. Wells Fargo Home Mortg.*, No. 20-1047, 2020 WL 2768841, at *1 (4th Cir. May 28, 2020) (affirming the use of these Federal Rules of Civil Procedure as the standard for evaluating a request for a rehearing under Rule 8022); *Dandridge v. Scott, Tr. for Estate of Dandridge*, No. 3:18-cv-51, 2019 WL 4228457, at *1 (W.D. Va. Sept. 5, 2019) ("Although Rule 8022 is silent as to the appropriate standard for granting a motion for rehearing, district courts in this circuit have applied the same standard applicable to motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure.").

Accordingly, the motion may be granted on three limited grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v.*

---

[3]  Because Federal Rule of Bankruptcy Procedure 8022(a)(2) does not permit oral argument, Appellant's Motion is not in violation of this Court's Local Rule 7(E), which ordinarily would require that the moving party set the motion for hearing or arrange with opposing counsel the waiver of oral argument.

*Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). The motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright *et al.*, Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright *et al.*, *supra*, § 2810.1, at 124); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing*, 674 F.3d 369, 378 (4th Cir. 2012).

### III.   ANALYSIS

Appellant raises two issues in his Motion. First, Appellant seeks an amendment to this Court's Opinion if this Court disagrees with Appellant's other argument. Dkt. 9 at 4-6. Second, Appellant reargues that the Bankruptcy Court committed reversible error in overruling Appellant's objection to Appellee's Claim 4-3 because Appellee failed to properly authenticate the Claim 4-3 Guarantee and therefore this Court should recast its Opinion on that score. *Id.* at 6-12.

The Court will address each of these concerns in turn.

#### A.   Amending the Opinion's Disposition

As correctly identified in Appellant's Motion, remand to the Bankruptcy Court is unnecessary under the Court's Memorandum Opinion. Per the Opinion's analysis, the Bankruptcy Court was correct in finding Appellee had not committed an act of spoliation and was not "arbitrary and irrational" in its decision to find that the Claim 4-3 Guarantee was authentic. Dkt. 8 at 8-14. Moreover, this Court held that it was not reversible error for the Bankruptcy Court to rely on Appellant's Answers to Requests for Admissions in a separate state court proceeding despite the potential error under Federal Rule of Civil Procedure 36(b). *Id.* at 15-17. As a result, there is

nothing further for the Bankruptcy Court to decide with respect to the three issues raised by Appellant on this appeal.

B.   Admission of the Claim 4-3 Guarantee

Next, Appellant seeks to relitigate the admissibility and proper authentication of the Claim 4-3 Guarantee in light of the evidence relied upon by the Bankruptcy Court.  However, Appellant provides no reasonable basis to find that this Court's Opinion triggered any of the three standards by which this circuit considers grounds for rehearing: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  A Rule 8022 motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright *et al.*, Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)).

This Court's Opinion has already disposed of the issues Appellant raised on appeal.  A Rule 8022 motion is not to be used as perfunctory vehicle for causing an otherwise reasonable opinion to be reevaluated.  Rather it is meant to be filed in the face of unusual or extraordinary circumstances.  *Id.* (quoting Wright *et al.*, *supra*, § 2810.1, at 124).  For the reasons articulated in this Court's Opinion, the Bankruptcy Court's evidentiary rulings on admissibility and authentication were not "arbitrary and irrational" because they relied on well-founded findings in the record.  Dkt. 8 at 11-14; *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011).

## IV.  CONCLUSION

Accordingly, for the reasons provided above, it is hereby ORDERED that the Court's Memorandum Opinion (Dkt. 8) be amended to AFFIRM the Bankruptcy Court's findings raised on this appeal in their entirety, without need for remand; and it is

FURTHER ORDERED that Appellant's Motion (Dkt. 9) is DENIED.

It is SO ORDERED.

Alexandria, Virginia
February 1, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge